UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALIPIO SIERRA,

    Petitioner,

vs.

B. CURRY, et al.,

    Respondents.

No. C 08-3564 PJH (PR)

**ORDER GRANTING PETITIONER'S MOTION TO REOPEN CASE; ORDER FOR RESPONDENT TO SHOW CAUSE**

This is a pro se habeas case filed by a state prisoner. It was dismissed when the court did not receive the filing fee or a completed application to proceed in forma pauperis ("IFP"). Plaintiff has moved to reconsider the dismissal. He explains that he followed proper procedures to mail the fee to the court, and does not know why it did not arrive. He has subsequently both paid the fee and filed an IFP application.

Plaintiff's motion to reconsider the dismissal and reopen the case is **GRANTED**. The court will now screen the petition to determine if an order to show cause should issue.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are

available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

In 1992 petitioner a Los Angeles County jury convicted petitioner of second degree murder with use of a knife.  He was sentenced to prison for fifteen years to life.

The petition here is directed to a denial of parole on September 14, 2006.  As grounds for federal habeas relief, petitioner asserts that: (1) The parole board's use of a "some evidence" standard of decision, and the appellate courts' use of the same standard, violates due process; (2) "even the courts" have found the board to be incompetent or "corrupt"; (3) there was not "some evidence" to support denial of parole.

The second issue contains no federal grounds for relief and so will be dismissed.  The other two issues are sufficient to require a response.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's motion to reconsider the dismissal of this case (document number 5 on the docket) is **GRANTED**.  The clerk shall reopen the case.

2. Because petitioner has paid the filing fee, his motion to proceed IFP (document number 6 on the docket) is **DENIED**.

3. Issue two is **DISMISSED**.

4. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

5. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

6. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

7. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 17, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\SIERRA3564.REOP.wpd

3