1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                           OAKLAND DIVISION

6

7   ALIPIO SIERRA,

8                    Petitioner,              No. C 08-3564 PJH (PR)

9     vs.                                     **ORDER DENYING**
                                              **HABEAS PETITION**
10  B. CURRY, et al.,

11                   Respondents.
                                         /
12

13          This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.

14  The petition is directed to a denial of parole.

15                           **BACKGROUND**

16          In 1992 a Los Angeles County jury convicted petitioner of second degree murder

17  with use of a knife.  He was sentenced to prison for fifteen years to life.  The denial of

18  parole at issue here was on September 14, 2006.

19                            **DISCUSSION**

20          Respondent has filed a motion to dismiss in which he contends that the petition is

21  mixed.

22          Petitioner raised three issues in his petition, that: (1) the parole board's use of a

23  "some evidence" standard of decision, and the appellate courts' use of the same standard,

24  violated due process; (2) "even the courts" had found the board to be incompetent or

25  "corrupt"; (3) there was not "some evidence" to support denial of parole.  The court

26  dismissed the second issue in its order to show cause.  Respondent contends, apparently

27  rightly, that the third claim is not exhausted.  Because the court can deny even an

28  unexhausted claim, *see* 28 U.S.C. § 2254(b)(2), and a recent United States Supreme Court

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

case makes clear that petitioner's issues are without merit, the court will instead rule on the merits of the petition and deny the motion to dismiss as moot.

In *Swarthout v. Cooke*, No. 10-333 (January 24, 2011), the Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout*, slip op. at 4-5 (January 24, 2011). That is, there is no due process requirement that "some evidence" support a parole denial, so petitioner's contention that there was not "some evidence" to support the denial in his case is without merit. And of course the Court's limitation of parole due process rights to an opportunity to be heard and a statement of reasons for denial establishes that petitioner's first issue, a contention that the "some evidence" standard was too lenient, also is without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The motion to dismiss (document number 11 on the docket) is **DENIED** as moot. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2011.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\SIERRA3564.RUL.wpd