UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ALIPIO SIERRA,

        Petitioner,

  vs.

B. CURRY, et al.,

        Respondents.
                         /

No. C 08-3564 PJH (PR)

**REVISED ORDER DENYING RESPONDENT'S MOTION TO DISMISS, DENYING HABEAS PETITION, AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to a denial of parole.

**BACKGROUND**

In 1992 a Los Angeles County jury convicted petitioner of second degree murder with use of a knife. He was sentenced to prison for fifteen years to life. The denial of parole at issue here was on September 14, 2006.

**DISCUSSION**

**I.    Motion to Dismiss**

Respondent has filed a motion to dismiss in which he contends that the petition is mixed.

Petitioner raised three issues in his petition, that (1) the parole board's use of a "some evidence" standard of decision, and the appellate courts' use of the same standard, violated due process; (2) "even the courts" had found the board to be incompetent or "corrupt"; and (3) there was not "some evidence" to support denial of parole. The court dismissed the second issue in its order to show cause. Respondent contends, apparently rightly, that the third claim is not exhausted. Because the court can deny even an

unexhausted claim, *see* 28 U.S.C. § 2254(b)(2), and a recent United States Supreme Court case makes clear that petitioner's issues are without merit, the court will instead rule on the merits of the petition and deny the motion to dismiss as moot.

## II.     Merits

In *Swarthout v. Cooke*, No. 10-333 (January 24, 2011), the Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout*, slip op. at 4-5 (January 24, 2011). That is, there is no due process requirement that "some evidence" support a parole denial, so petitioner's contention that there was not "some evidence" to support the denial in his case is without merit. And of course the Court's limitation of parole due process rights to an opportunity to be heard and a statement of reasons for denial establishes that petitioner's first issue, a contention that the "some evidence" standard was too lenient, also is without merit.

## III.    Certificate of Appealability

Given the clear controlling Supreme Court authority, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA standard). Petitioner is advised that he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The motion to dismiss (document number 11 on the docket) is **DENIED** as moot. A certificate of appealability is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\SIERRA3564.RUL2.wpd

2